(December 30, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY KITTELL, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered January 28, 1983, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court (Harris, J.), entered November 14, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On August 3, 1982, Anthony Brown was shot and wounded at defendant's apartment in the Village of Menands, Albany County. Brown and defendant had been intimately involved for several weeks preceding the shooting incident. On the night of the incident, they had consumed moderate quantities of alcohol and there was evidence that one or both of them may have smoked marihuana and injected Demerol. Conflicting versions of the shooting have been given, including assertions that it was done in self-defense, that it was accidental, and that it was an intentional act motivated by jealousy.

When the police arrived at the scene on the night of the shooting, they found Brown sitting outside the apartment building. A paper bag containing, *inter alia,* the gun defendant had used was found outside the building near Brown. Defendant was questioned and voluntarily accompanied police to their station. There was testimony that she was informed of her *Miranda* rights once she arrived at the station and chose to speak with police for several hours regarding the incident. During this time she claimed the shooting was an accident and admitted that she had purchased the weapon approximately a year earlier in a bar. After several hours of questioning, defendant invoked her right to speak to counsel.

Defendant was subsequently indicted on two counts of assault in the first degree and one count of criminal possession of a weapon in the second degree. Defendant sought suppression of statements she had made to the police following the incident and certain physical evidence, including the gun, which police had obtained. The motion was denied and the matter proceeded to trial. At trial, her defense was based primarily upon an assertion that she had shot Brown in self-defense.

Defendant was ultimately found guilty of assault in the second degree and criminal possession of a weapon in the

third degree. In January 1983, she received concurrent sentences of imprisonment for the crimes. Defendant subsequently made two CPL article 440 motions to vacate the judgment upon the ground that she had been denied her constitutional right to effective assistance of counsel. Both motions were denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the November 14, 1985 order denying her motion to vacate the judgment.

Defendant contends that certain statements made to police were obtained in violation of her rights pursuant to *Miranda v Arizona* (384 US 436) and thus should have been suppressed. *Miranda* warnings need not be given until both the elements of police "custody" and "interrogation" are present *(People v Huffman,* 41 NY2d 29, 33). Once informed of the rights, an individual is free to voluntarily waive the right to the presence of counsel and answer police questions on his or her own *(People v Winchell,* 64 NY2d 826; *cf., People v Cunningham,* 49 NY2d 203). Here, the evidence adduced at the hearing fully supports County Court's determination that statements made by defendant to police in her apartment were noncustodial. Defendant had called the police to the scene and she freely allowed them to enter her apartment where she discussed the incident with them. There was testimony that once defendant arrived at the police station, she was read her *Miranda* rights and agreed to discuss the incident with police for several hours before invoking her right to counsel. While defendant's version of these events differed, this created a credibility question for the suppression court *(see, People v Clavijo,* 126 AD2d 907; *People v Brainard,* 122 AD2d 299).

Defendant also asserts that the physical evidence obtained by police should have been suppressed. Testimony at the suppression hearing revealed that defendant put this evidence in a bag and threw it out of her apartment onto the lawn. When police arrived at the scene, the bag was sitting in plain view near Brown. County Court's determination that this evidence had been abandoned by defendant with no constitutional taint to its acquisition by the police is fully supported by the record *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969).

Defendant argues that it was reversible error for County Court to admit into evidence at trial, over objection, a certificate of conviction which indicated that defendant had been convicted of a misdemeanor in 1963. This evidence was admitted *solely* to establish an element of the crime of criminal

possession of a weapon in the third degree, which defendant had been charged with committing. Penal Law § 265.02 provides in relevant part:

"A person is guilty of criminal possession of a weapon in the third degree when:

"(1) He commits the crime of criminal possession of a weapon in the fourth degree * * * and has been previously convicted of *any crime*" (emphasis supplied).

Since a misdemeanor constitutes a "crime" (Penal Law § 10.00 [6]) and the Legislature did not impose a limit as to the remoteness of the prior conviction which could be used pursuant to this statute, the admission of this evidence was proper. Further, contrary to defendant's contention, the prosecution submitted sufficient evidence to support the jury's determination that defendant had, in fact, been convicted of this crime *(see, People v Pray,* 38 AD2d 766).

Defendant alleges that she was denied effective assistance of counsel. The determination as to what constitutes effective assistance of counsel is not susceptible to precise measurement, and review of this issue includes an analysis as to whether the totality of the circumstances reflects that defendant received "meaningful representation" *(People v Baldi,* 54 NY2d 137). The record fails to reveal that defendant was not afforded effective assistance. The purported errors at the suppression hearing do not rise to the level of ineffectiveness. At trial, her counsel followed a strategy of attempting to establish defendant's credibility and detract from Brown's by emphasizing his history as a drug user. Although the tactics employed by her counsel failed to gain defendant acquittal, they did not constitute ineffective assistance.

Defendant further alleges that she should have been afforded a hearing on the ineffective assistance claim asserted in her CPL 440.10 motion. While a hearing is often necessary to establish the factual background of an ineffective assistance claim *(see, People v Love,* 57 NY2d 998, 1000), a hearing is not necessitated by every CPL 440.10 motion which alleges ineffective assistance *(People v Satterfield,* 66 NY2d 796). Defendant's first CPL 440.10 motion failed to set forth material nonrecord facts which would entitle her to the relief sought *(see, supra,* at 799). Her second CPL 440.10 motion, while couched in terms of newly discovered evidence, merely sought to introduce cumulative evidence regarding the ineffective assistance claim. Hence, it was within County Court's discretion to deny the motion *(see,* CPL 440.10 [1] [h]; [3] [b]).

We have considered defendant's other arguments and find them to be without merit.

Judgment and order affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.