■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SUMPTER, Appellant. [606 NYS2d 116] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. He sold cocaine to a confidential informant while the transaction was monitored via radio transmitter by officers of the Southern Tier Regional Drug Task Force.

Defendant contends that he was deprived of the opportunity to testify. During a charge conference after the close of proof, but prior to summations, defendant expressed his desire to take the stand. Defense counsel stated that he had advised his client not to testify and that defendant had previously so agreed. Nonetheless, defendant persisted in his request. The testimony he sought to offer related to a remark that the court had made, during an appearance three months earlier, regarding the proof before the Grand Jury. As a result of the court's earlier remark, defendant believed that a male witness had testified before the Grand Jury that defendant had sold him cocaine. The court assured defendant that it had misspoken, and that the only witness before the Grand Jury was a detective from the Drug Task Force who testified that defendant had sold drugs to a female confidential informant. The court denied the request to reopen the proof to allow defendant to testify.

The order of proof at trial is established by statute (see, CPL 260.30), but the court may alter that order " 'in its discretion and in furtherance of justice' " (People v Olsen, 34 NY2d 349, 353). Under the circumstances of this case, where defendant had agreed to waive his right to testify, and then belatedly sought to testify to matters irrelevant to the issues, the court's denial of defendant's request to reopen the proof was not an improvident exercise of discretion (see, People v Farrow, 176 AD2d 130, lv denied 79 NY2d 826; cf., People v Harami, 93 AD2d 867).

Defendant failed to object to testimony of an uncharged drug sale. Thus, the issue is unpreserved for appellate review (see, CPL 470.05 [2]), and we decline to reach it in the interest of justice (see, CPL 470.15 [6]). We have examined defendant's remaining contentions on appeal and find them to be without merit. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio and Fallon, JJ.