THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [642 NYS2d 634] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered June 10, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $5^1/2$ to 11 years, unanimously affirmed.

The discharge of a sworn juror over defendant's objection prior to deliberations was a proper exercise of the court's discretion, where a personal interview of the juror revealed that he had been suffering from gastrointestinal flu-like symptoms for two days (*see, People v Ortiz*, 194 AD2d 313, *lv denied* 82 NY2d 708; *People v Allen*, 163 AD2d 396, *lv denied* 77 NY2d 957), which the juror admitted might have affected his ability to concentrate and deliberate. Moreover, the court's determination that the juror's illness rendered him unavailable for continued service (*see*, CPL 270.35) was made only after a reasonably thorough inquiry and recitation on the record of the reasons for such discharge (*see, People v Page*, 72 NY2d 69). The alternative of granting a one day adjournment to monitor the juror's condition was never raised by defendant in the trial court.

Contrary to defendant's assertion, the prosecutor did not violate the court's *in limine* ruling prohibiting the police officers from testifying that defendant acted as a "look out" in the building where he was arrested on prior occasions, but permitting the officers to testify that they had spoken to defendant on prior occasions, and knew that he did not live in that building. These facts were admissible to explain the actions of the police leading to defendant's arrest (*People v Enoch*, 221 AD2d 253), and were relevant to the issue of identity (*People v Rivera*, 186

AD2d 504). In any event, any prejudice was dispelled by the court's striking the most suggestive portions of the testimony, and its strong limiting instructions that such facts were not to be considered in determining whether defendant committed the charged crimes (*People v Bernard*, 224 AD2d 192). Similarly, the prosecutor's summation comments regarding the officers' prior familiarity with the defendant, and defendant's familiarity with the building where the arrest occurred, were fair comment on the evidence admitted at trial, and did not specifically implicate defendant in any uncharged crimes.

The court's preclusion of the two out of four photographs offered by defendant, while simultaneously admitting the prosecutor's photographs depicting the same scene, was within its discretion as the colloquy revealed that two of the defense exhibits were so dark and unclear that they were virtually "useless" and a "graphic distortion" of the building lobby (*see, People v Davis*, 43 NY2d 17, *cert denied* 435 US 998). Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.