■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD INGRAM, Appellant. [770 NYS2d 294]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 29, 2000, convicting defendant, after a jury trial, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, unanimously modified, on the law, the conviction of criminal possession of a controlled substance in the third degree (intent to sell) vacated, that count of the indictment dismissed, and otherwise affirmed.

Defendant was arrested and charged with two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [possession of narcotic drug with intent to sell]; § 220.16 [12] [aggregate weight one-half ounce or more]). At trial, the prosecutor established that the police recovered from defendant over half an ounce of cocaine contained in a plastic bag. When a detective who was part of the undercover drug operation testified at trial, the prosecutor elicited, over defense counsel's objection, the detective's opinion about whether defendant possessed the drugs with the intent to sell them.[1]

Expert testimony is permissible when the "subject matter involve[s] information or questions beyond the ordinary knowledge and experience of the trier of the facts" (*Matott v Ward*, 48 NY2d 455, 459 [1979]). There is no question that here certain testimony offered by the detective "would aid a lay jury in reaching a verdict" (*People v Taylor*, 75 NY2d 277, 288 [1990]) on the issue of defendant's intent to sell drugs (*see People v Polanco*, 169 AD2d 551, 552 [1991], *lv denied* 77 NY2d 965 [1991] [testimony beyond the knowledge of a typical jury, admitted to establish defendant's intent to sell, does not usurp jury's function]). However, there is a difference between asking an officer, qualified as an expert, to identify what acts and circumstances are consistent with the sale of drugs—as opposed to mere possession—and asking for the officer's opinion on the ultimate issue to be determined in the case, that is, whether this defendant possessed drugs with the intent to sell. The former is permissible, the latter is not.[2]

Thus, a prosecutor may ask an officer to express an opinion as to what quantity of cocaine an individual user would possess within a specific geographic area (*see People v Wright*, 283 AD2d 712, 713 [2001], *lv denied* 96 NY2d 926 [2001]; *see also People v Resek*, 307 AD2d 804, 804 [2003] [People could ask police officer called as an expert whether quantity of drugs recovered from defendant was "consistent with selling"]). Similarly, testimony as to packaging a drug in a "manner commonly used for selling the drug" is admissible (*People v Gallego*, 155 AD2d 687, 689 [1989], *lv denied* 75 NY2d 919 [1990]) as is limited background

---

1. Defendant's only contention on appeal is a general one, i.e., that this Court should reverse his judgment of conviction due to the trial justice's erroneous admission of the officer's opinion testimony. However, defendant raises no specific issue with respect to the other third-degree possession count (weight).

2. We acknowledge, however, that a court should not exclude expert testimony "merely because, to some degree, it invades the jury's province" (*People v Lee*, 96 NY2d 157, 162 [2001]).

testimony on relevant aspects of the methodology of street-level drug sales (*cf. People v Ray*, 272 AD2d 203 [2000], *lv denied* 95 NY2d 856 [2000]) and testimony concerning the use of certain objects as drug paraphernalia (*People v Atkinson*, 122 AD2d 385, 387 [1986], *lv denied* 68 NY2d 912 [1986]; *but see People v Wright*, 283 AD2d at 713-14 [error for court to allow experts to express their opinion that the quantity of cocaine found in defendant's possession indicated that he was a seller]).

Here, however, the detective did not offer any "information [which] would likely be beyond the knowledge of the typical juror and [which] was necessary to give context to defendant's conduct" (*id.* at 713). Rather, he merely testified that in his "professional opinion," defendant "was not a user" and "was going to resell that cocaine." Since that opinion targeted the ultimate issue of intent, the court erroneously overruled defendant's objection (*id.* at 714; *cf. People v Hicks*, 301 AD2d 538 [2003], *lv granted* 100 NY2d 595 [2003]; *People v Ray*, 272 AD2d at 203-204).

We do not find this error harmless (*cf. People v Wright* [in light of strength of the record evidence of defendant's guilt, introduction of improper opinion testimony harmless error]). Here, the sole evidence offered on the issue of defendant's intent to sell was the detective's inadmissible opinion. As the prosecutor offered no competent evidence regarding intent,[3] the conviction for possession with intent to sell must be vacated and that count of the indictment dismissed (*contrast People v Polanco, supra* [testimony regarding purpose of articles found in the apartment, i.e., cocaine, guns and paraphernalia used to weigh and prepare drugs for sale on the street; value of drugs found in the apartment; and condition of apartment which indicated a typical "stash" where drugs prepared for eventual sale on the streets established intent to sell], *and People v Rodriguez*, 176 AD2d 522 [1991] [intent to sell may be inferred from quantity of drugs, presence of sealer and presence of prerecorded buy money]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.

---

3. Although the police recovered $642 from defendant, this, without more, is not sufficient to establish an intent to resell.