OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *707
 
 Defendant was convicted after a jury trial of criminal possession of a controlled substance in the third degree for the possession of a narcotic drug with intent to sell (Penal Law § 220.16 [1]). Following a buy-and-bust operation, police arrested defendant and found 14 glassine envelopes of heroin on his person. We conclude that the trial court did not abuse its discretion in allowing the arresting officer to testify that the packaging of the drugs recovered from defendant was inconsistent with personal use and consistent with the packaging that the officer had encountered in previous drug sale arrests.
 

 The arresting officer testified that he had been a police officer for 10 years, that he was serving his third year as an investigator for the narcotics division and that, as such, received continuing special training in “identifying narcotics, packaging, and characteristics for sale,” and was properly qualified as a narcotics expert
 
 (see Matott v Ward,
 
 48 NY2d 455, 459 [1979];
 
 see also
 
 Prince, Richardson on Evidence § 7-304 [Farrell 11th ed]).
 

 The officer’s testimony as to the quantity and packaging of the narcotics found on defendant was helpful to the jury in understanding the evidence and reaching a verdict
 
 (see People v Lee,
 
 96 NY2d 157, 162 [2001]). Here, the defense was that defendant possessed the 14 glassine envelopes of heroin for his personal use. Based on day-to-day experience, common observation and knowledge, the average juror may not be aware of the quantity and packaging of heroin carried by someone who sells drugs, as opposed to someone who merely uses them
 
 (see People v Brown,
 
 97 NY2d 500, 505 [2002]). Since the expert testimony was beyond the ken of the average juror, it matters not whether the testimony related to the ultimate issue in the case
 
 (see People v Cronin,
 
 60 NY2d 430, 432-433 [1983]).
 

 Defendant’s remaining contention that the court failed to give an adequate expert witness instruction is without merit.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Order affirmed in a memorandum.