THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT M. HARTZOG, Appellant. [789 NYS2d 391]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 17, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, loitering in the first degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]) and loitering in the first degree (§ 240.36). We agree with defendant that Supreme Court erred in receiving in evidence the expert opinion testimony of a police officer that defendant had engaged in "a narcotics sale." A court may properly receive

opinion testimony of a police officer qualified as a narcotics expert on matters concerning drug transactions not within the common experience or knowledge of the average juror (*see People v Hicks*, 2 NY3d 750, 751 [2004]). For example, expert opinion testimony concerning the quantity and packaging of drugs recovered from the defendant may be helpful to the jury in understanding whether such quantity and packaging are inconsistent with personal use and consistent with drug dealing (*see id.*), and expert testimony concerning the operating methods and terminology used in drug transactions and the methods used to conceal, transport and consume narcotics also "may be helpful to the jury in understanding the evidence presented and in resolving material factual issues" (*People v Brown*, 97 NY2d 500, 505 [2002]; *see People v Davis*, 235 AD2d 941, 943 [1997], *lv denied* 89 NY2d 1010 [1997]). "On the other hand, expert testimony which tends to usurp the jury's fact-finding function is inadmissible" (*People v Wright*, 283 AD2d 712, 713 [2001], *lv denied* 96 NY2d 926 [2001]; *see People v Ingram*, 2 AD3d 211, 212-213 [2003], *lv denied* 2 NY3d 741 [2004]). The court thus erred in allowing the police officer to testify that, in his opinion, the street exchange he observed between defendant and another individual prior to the search of defendant's car was a narcotics sale (*see Ingram*, 2 AD3d at 213; *Wright*, 283 AD2d at 713-714).

We nevertheless conclude that the error is harmless. Here, there is overwhelming evidence, apart from the inadmissible opinion testimony, that defendant possessed the cocaine found in his car with intent to sell it. That evidence includes the officer's factual description of defendant's furtive delivery of "something" to another individual in exchange for money, the 14 separate packages of cocaine found in defendant's car, and the sum of $112 in small bills discovered on defendant's person. Thus, because "defendant's activities were manifest, and the evidence of his guilt [is] overwhelming, the error is harmless" (*People v Goodwine*, 177 AD2d 708, 709 [1991], *lv denied* 79 NY2d 920 [1992]; *see People v Berry*, 5 AD3d 866, 867 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Williams*, 224 AD2d 725 [1996], *lv denied* 88 NY2d 855 [1996]; *cf. Ingram*, 2 AD3d at 213).

Defendant failed to preserve for our review his contentions concerning the opinion testimony of the police sergeant and the alleged legal insufficiency of the evidence with respect to the loitering conviction (*see* CPL 470.05 [2]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Lastly, we conclude that defendant was not deprived of a fair trial by the comment of the prosecutor during the colloquy following her objection to a statement made by defense counsel on summation. "[T]o the extent that the comment could be interpreted to have diluted the People's burden of proof, the court's instructions cured any prejudice to defendant" (*People v Gozdalski*, 239 AD2d 896, 897 [1997], *lv denied* 90 NY2d 858 [1997]; *see generally People v Dombrowski-Bove*, 300 AD2d 1122, 1124 [2002]). Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.