■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RENNER, Appellant. [816 NYS2d 398]—Appeal from an order of the Supreme Court, Monroe County (John J. Brunetti, A.J.), entered April 1, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Scudder, Martoche and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY DIXON, Appellant. [815 NYS2d 848]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered June 4, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in determining that the police had probable cause for his warrantless arrest. We conclude that the police possessed sufficient information to support a reasonable belief that an offense was being committed, and thus we reject defendant's contention (*see People v Maldonado*, 86 NY2d 631, 635 [1995]; *People v Hicks*, 68 NY2d 234, 238 [1986]). We agree with defendant, however, that the court erred in admitting the opinion testimony of a police officer that a hand-to-hand drug transaction had occurred and that defendant's possession of $52 was consistent with the sale of drugs (*see People v Hartzog*, 15 AD3d 866 [2005], *lv denied* 4 NY3d 831 [2005]). Nevertheless, we conclude that the error is harmless (*see id.* at 867; *People v Tarver*, 292 AD2d 110, 115 [2002], *lv denied* 98 NY2d 702 [2002]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.