█ The People of the State of New York, Respondent, v Lyndon Ortiz, Appellant. [835 NYS2d 101]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered July 14, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court, which accorded defendant ample opportunity to develop his claim that police witnesses mistook him for his brother, properly exercised its discretion when it precluded defendant from introducing photographs that were potentially misleading with respect to the alleged resemblance between the brothers (*see People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978]; *People v Johnson*, 236 AD2d 263 [1997], *lv denied* 89 NY2d 1095 [1997]; *People v Hernandez*, 227 AD2d 162 [1996]). Since defendant never asserted any constitutional right to introduce this evidence, his constitutional claim is unpreserved (*see e.g. People v Angelo*, 88 NY2d 217, 222 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court did not violate defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). We note that defendant was able to establish his resemblance to his brother through other means, including police testimony and reports.

The People made a sufficiently particularized showing to warrant courtroom closure during the undercover officer's testimony, in that the officer continued to work in the area of defendant's arrest, had unapprehended suspects remaining at large from the area of defendant's arrest and took precautions when testifying (*see e.g. People v Reed*, 4 AD3d 120 [2004], *lv denied* 2 NY3d 805 [2004]). Defendant's arguments concerning possible alternatives to closure, and his challenge to the officer's identification of himself only by shield number, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Nothing in the prosecutor's statements shifted the burden of proof or deprived defendant of a fair trial. Since the defense was not based entirely on allegations of honest mistake, but also included attacks on police credibility, the prosecutor was entitled to respond (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Even if some of the challenged remarks would have been better left unsaid, these isolated comments were not part of a pattern of misconduct and do not warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's arguments for a reduced penalty under the Drug Law Reform Act (L 2004, ch 738) are without merit (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.