■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY THOMPSON, Appellant. [857 NYS2d 561]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered September 20, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

---

The court properly declined to submit to the jury the lesser included offense of seventh-degree possession. Even when viewed in the light most favorable to defendant, there is no reasonable view of the evidence that would support a finding that he possessed drugs other than with intent to sell them (*see People v Richardson*, 244 AD2d 273 [1997], *lv denied* 91 NY2d 1012 [1998]). Defendant possessed a quantity of heroin valued at approximately $880 contained in 88 brand-marked glassine envelopes. The drugs were in three different parts of defendant's jacket, and he also possessed $509. Furthermore, during the booking process defendant admitted that he was not a drug user. The jury had no basis on which to selectively credit those portions of police testimony that supported simple possession while discrediting those portions that supported possession with intent to sell (*compare People v Olivera*, 45 AD3d 154 [2007] [reasonable view that defendant was innocent of sale but guilty of possessing five heroin envelopes for own use]).

The prosecutor's questioning of an expert witness was permissible under *People v Hicks* (2 NY3d 750 [2004]), and, to the extent the expert's response exceeded the bounds set forth in *Hicks*, any claim of error was not preserved for review and we decline to review it in the interest of justice. As an alternative holding, we find that even assuming that there was any error it was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.