■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY J. BROWN, JR., Appellant. [859 NYS2d 839]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 20, 2006. The judgment

convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the fine imposed for unlawful possession of marihuana to $100 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]) and unlawful possession of marihuana (§ 221.05). We conclude that County Court properly refused to suppress the marihuana and cocaine seized from defendant at the time of his arrest, as well as his subsequent statements to the police. The record establishes that the arresting officer approached defendant while defendant was seated in his parked vehicle and, upon detecting the odor of marihuana, the officer asked defendant whether he possessed any marihuana. We reject defendant's contention that the officer's question constituted custodial interrogation and that the failure of the officer to administer *Miranda* warnings prior to asking that question requires suppression of the drugs seized, as well as defendant's statements. Although the officer's question was "reasonably likely to elicit an incriminating response" and thus constituted interrogation (*Rhode Island v Innis*, 446 US 291, 301 [1980]; *see People v Paulman*, 5 NY3d 122, 129 [2005]), we conclude that defendant was not in custody at that time (*see generally Paulman*, 5 NY3d at 129; *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]), and thus, *Miranda* warnings were not required (*see People v Kittell*, 135 AD2d 1021, 1022 [1987]; *see generally People v Huffman*, 41 NY2d 29, 33 [1976]).

Defendant further contends that the court erred in permitting two police officers to testify concerning the physical characteristics of a crack cocaine user and the packaging of the cocaine seized from defendant. According to defendant, their testimony constituted expert testimony, and they were not qualified to testify as experts. Defendant failed to preserve that contention for our review (*see People v Huebert*, 30 AD3d 1018 [2006], *lv denied* 7 NY3d 813 [2006]) and, in any event, it lacks merit. We note at the outset that, because the physical characteristics of a crack cocaine user and the packaging of cocaine are not matters within the general knowledge of an average juror, they are properly the subject of expert testimony

(*see People v Hicks*, 2 NY3d 750, 751 [2004]). Here, although the officers were "sufficiently experienced to give opinion testimony notwithstanding that the court did not formally declare [them] to be . . . expert witness[es]" (*People v Thompson*, 284 AD2d 215 [2001], *lv denied* 97 NY2d 643 [2001]), neither officer in fact impermissibly offered an expert opinion on the ultimate issue before the jury, i.e., "whether this defendant possessed [the cocaine] with the intent to sell" it (*People v Ingram*, 2 AD3d 211, 212 [2003], *lv denied* 2 NY3d 741 [2004]). The only opinions offered were that defendant's appearance and the packaging of the cocaine were inconsistent with the use of crack cocaine, based upon the personal observations and experiences of the officers (*see id.*).

The sentence is not unduly harsh or severe. We conclude, however, that the court erred in imposing a fine of $500 for unlawful possession of marihuana, and we therefore modify the judgment by reducing the fine to $100 (*see* Penal Law § 221.05). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.