■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO VALDIVIA, Appellant. [885 NYS2d 490]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered April 22, 2008, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who volunteered that two friends had died from the use of drugs, as a result of which she had "issues" with serving on a drug case. Upon defense counsel's inquiry whether she could follow the court's instructions, and listen to the evidence in the case, she responded "I think I could," an assurance of fairness and impartiality that, in context, was unequivocal (*see People v Chambers*, 97 NY2d 417 [2002]; *People v Rivera*, 33 AD3d 303 [2006], *affd* 9 NY3d 904 [2007]). Although defense counsel also asserted that he thought the panelist was falling asleep, defendant has not substantiated this claim or established that the panelist would have been unable to perform her duties as a juror.

Defendant's generalized objections failed to preserve his challenge to testimony by the arresting officer that alluded to the relationship between the quantity of drugs possessed by an arrestee and the likelihood that the drugs were possessed for sale or for personal use, and we decline to review it in the interest of justice. As an alternative holding, we find that this testimony was in the nature of evidence that may be received pursuant to *People v Hicks* (2 NY3d 750 [2004]).

Defendant also contends that the court erred in precluding his attempt to impeach the arresting officer with a portion of the separately convicted codefendant's arrest report. Defendant's claim that he was constitutionally entitled to pursue this line of inquiry is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]). In any event, any error in receiving the challenged portion of the arresting officer's testimony, or in precluding impeachment of his testimony by way of the codefendant's arrest report, was harmless in view of the overwhelming evidence that defendant possessed drugs with intent to sell them.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.