■ The People of the State of New York, Respondent, v Hector Diaz, Appellant. [40 NYS3d 368]—

Judgment, Supreme Court, New York County (Patricia M. Nuñez, J., at suppression hearing; Jill Konviser, J., at jury

trial and sentencing), rendered August 21, 2012, as amended October 17, 2012 and October 18, 2012, convicting defendant, after a jury trial, of auto stripping in the second degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

Except with regard to items recovered from a backpack, the court properly denied defendant's suppression motion. The police had probable cause for defendant's arrest, based on a chain of events, before, during and after the crime, that compelled the conclusion that defendant broke into a vehicle. An officer virtually observed the crime and defendant's immediate flight, even though the officer heard, but did not see, the actual breaking of the vehicle's window (*see e.g. People v Santos*, 41 AD3d 324, 326 [1st Dept 2007], *lv denied* 9 NY3d 926 [2007]). However, the evidence did not establish any basis for a search of a backpack that was within the officer's sole control. Nonetheless, this error was harmless because additional stolen items from the car were lawfully recovered from defendant and thus the items recovered from defendant's backpack were cumulative, adding little to the People's case (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

The trial court properly exercised its discretion in allowing the officers to testify that they knew defendant from their work in the precinct, with the limiting instruction that the jurors should not speculate as to specifically how the officers knew him. This testimony was necessary to complete the overall narrative and explain how defendant came to be arrested after he fled from the scene (*see People v Hernandez*, 227 AD2d 162 [1st Dept 1996]). In any event, any error in this regard was harmless. Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.