People v Roth (2021 NY Slip Op 06257)





People v Roth


2021 NY Slip Op 06257


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


861 KA 16-02065

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY L. ROTH, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 9, 2016. The judgment convicted defendant upon a jury verdict of custodial interference in the first degree (two counts) and criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of custodial interference in the first degree (Penal Law
§ 135.50 [1]) under counts one and two of the indictment and dismissing those counts of the indictment, and by amending the order of protection and as modified the judgment is affirmed and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him following a jury trial of two counts of custodial interference in the first degree (Penal Law § 135.50 [1]) and one count of criminal contempt in the second degree (§ 215.50 [3]), defendant contends, inter alia, that Ontario County Court lacked geographical jurisdiction over the two custodial interference counts inasmuch as none of the elements of those offenses occurred in Ontario County. We agree.
In 2013, Family Court, Ontario County issued custody and visitation orders related to defendant's two minor children. At the time, the children's mother resided in Ontario County. Shortly after those orders were issued, the mother relocated to Yates County. At all relevant times, defendant resided with the children in Oswego County.
Although it is undisputed that all elements of the crime of custodial interference in the first degree were committed outside of Ontario County, the People contend that Ontario County Court could exercise jurisdiction under the " 'injured forum' " provisions of CPL 20.40 (2) (c) (Matter of Steingut v Gold, 42 NY2d 311, 313 [1977]). That statute provides, in pertinent part, that "[a] person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, . . . when: . . . [e]ven though none of the conduct constituting such offense may have occurred within such county: . . . [s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (CPL 20.40 [2] [c]).
" 'Particular effect of an offense' " is "[w]hen conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction" (CPL 20.10 [4]; see Steingut, 42 NY2d at 314-315; see generally Matter of Taub v Altman, 3 NY3d 30, 33-34 [2004]). "Extraterritorial jurisdiction is to be applied only in those limited circumstances where the out-of-jurisdiction conduct is violative of a statute intended to protect the integrity of the governmental processes or is harmful to the community as a whole" (People v Fea, 47 NY2d 70, [*2]76-77 [1979]; see People v Seifert, 113 AD2d 80, 82 [4th Dept 1985], lv denied 67 NY2d 889 [1986]).
Here, the conduct alleged in the counts of the indictment charging defendant with custodial interference in the first degree occurred outside Ontario County and did not have a materially harmful impact on the governmental processes or community welfare of Ontario County. That conduct impacted three people: the children and their mother, none of whom resided in Ontario County, and did not impact the community as a whole (see Fea, 47 NY2d at 77-78; Seifert, 113 AD2d at 82; cf. People v Shouder, 237 AD2d 545, 545 [2d Dept 1997], lv denied 90 NY2d 898 [1997]; People v Sandy, 236 AD2d 104, 114-115 [1st Dept 1997], lv denied 91 NY2d 977 [1998]). We therefore modify the judgment by reversing those parts convicting defendant of custodial interference in the first degree under counts one and two of the indictment and dismissing those counts of the indictment.
Based on our determination, the duration of the order of protection must be modified (see CPL 530.12 former [5]; 530.13 former [4]), and we therefore further modify the judgment by amending the order of protection, and we remit the matter to County Court for a calculation of the new term of the order of protection.
Defendant further contends that the court erred in permitting the prosecutor to cross-examine a defense witness on an ultimate issue to be determined by the jury (see generally People v Ingram, 2 AD3d 211, 212-213 [1st Dept 2003], lv denied 2 NY3d 741 [2004]). Even assuming, arguendo, that the court erred, we conclude that the error is harmless given the overwhelming evidence of guilt and because there is no significant probability that the error contributed to the conviction (see People v Morman, 145 AD3d 1435, 1438 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; People v Ruffins, 31 AD3d 1180, 1181 [4th Dept 2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court