People v Jones (2024 NY Slip Op 00705)

People v Jones

2024 NY Slip Op 00705

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

76 KA 22-00847

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHANON JONES, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered June 5, 2019. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), arising from defendant's involvement in a narcotics trafficking operation that was conducted out of a house. We affirm.
Contrary to defendant's contention, Supreme Court properly refused to suppress evidence recovered upon execution of the challenged search warrants. Upon our review of the record, we conclude that "the in camera testimony of the confidential informant at the Darden hearing established that the confidential informant existed and imparted to the police the information referred to in the search warrant application" (People v Hernandez, 143 AD3d 1280, 1281 [4th Dept 2016], lv denied 29 NY3d 1080 [2017]; see People v Ross, 185 AD3d 1537, 1538 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]). We further conclude that "the hearsay information supplied in the search warrant application satisfied the two prongs of the Aguilar-Spinelli test and that the search warrant[s] w[ere] issued upon probable cause" (People v Mitchum, 130 AD3d 1466, 1468 [4th Dept 2015]; see People v Monroe, 82 AD3d 1674, 1675 [4th Dept 2011], lv denied 17 NY3d 808 [2011]; People v Flowers, 59 AD3d 1141, 1142-1143 [4th Dept 2009]).
Defendant next raises several challenges to the court's evidentiary rulings. "Generally, 'all relevant evidence is admissible unless its admission violates some exclusionary rule' " (People v Harris, 26 NY3d 1, 5 [2015], quoting People v Scarola, 71 NY2d 769, 777 [1988]). "Evidence is relevant if it has any tendency in reason to prove the existence of any material fact" (Scarola, 71 NY2d at 777). However, "[e]ven where relevant evidence is admissible, it may still be excluded in the exercise of the trial court's discretion if its probative value is substantially outweighed by the potential for prejudice" (People v Mateo, 2 NY3d 383, 424-425 [2004], cert denied 542 US 946 [2004]; see Harris, 26 NY3d at 5; Scarola, 71 NY2d at 777).
Defendant contends that the court abused its discretion in admitting in evidence the search warrants and testimony that defendant was a target of the search warrants, the execution of which was considered high-risk and involved the use of SWAT techniques to enter the house. We reject that contention inasmuch as that evidence was relevant and, contrary to defendant's assertion, "it was not so inflammatory that its prejudicial effect exceeded its probative value" (People v Spencer, 181 AD3d 1257, 1262 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]).
As defendant correctly concedes, he failed to preserve for our review his contention that the People improperly elicited Molineux evidence through a detective's fleeting reference during his testimony to the involvement of defendant and other individuals in prior drug sales at the house, inasmuch as he failed to object to that testimony (see People v Campbell, 182 AD3d 1004, 1005-1006 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; People v Sumpter, 199 AD2d 1042, 1042 [4th Dept 1993], lv denied 83 NY2d 859 [1994]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Sumpter, 199 AD2d at 1042).
Defendant further contends that he was prejudiced when the detective, in the course of identifying the other individuals implicated in the drug trafficking operation to whom defendant had referred by their nicknames in a recorded jail telephone call, testified in response to a question by the prosecutor that he was familiar with the individuals associated with those nicknames based, in relevant part, on his 10 years of experience as a police officer. According to defendant, that testimony was prejudicial to him because it implied that he was affiliated with individuals who were familiar to the police from prior contacts outside of the present investigation. We conclude, however, that the court sufficiently "alleviated any prejudice by striking the question and response and instructing the jury that they were not to be considered evidence" (People v Hilton, 185 AD3d 1147, 1149 [3d Dept 2020], lv denied 35 NY3d 1095 [2020]; see People v Hernandez, 227 AD2d 162, 162-163 [1st Dept 1996]; see generally People v Young, 48 NY2d 995, 996 [1980], rearg dismissed 60 NY2d 644 [1983]; People v Resto, 147 AD3d 1331, 1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]).
As defendant correctly acknowledges, the court properly "receive[d] opinion testimony of a police officer qualified as a narcotics expert on matters concerning drug transactions not within the common experience or knowledge of the average juror" (People v Hartzog, 15 AD3d 866, 866-867 [4th Dept 2005], lv denied 4 NY3d 831 [2005]; see People v Hicks, 2 NY3d 750, 751 [2004]). Defendant failed to preserve for our review his contention that the testimony of the narcotics expert exceeded permissible bounds in this case (see CPL 470.05 [2]; People v Thompson, 51 AD3d 500, 501 [1st Dept 2008], lv denied 11 NY3d 742 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Thompson, 51 AD3d at 501).
To the extent that defendant contends that the court erred in denying his motion for a mistrial after it was revealed during trial that a hidden camera that the police had used for surveillance of the front exterior of the house had failed to record several weeks of data, including the day the police searched the house, we conclude that defendant's contention lacks merit. It is within the sound discretion of the trial court to determine the appropriate sanction for the loss of evidence (see People v Kelly, 62 NY2d 516, 521 [1984]), and " '[g]iven that the exculpatory value of the missing evidence is completely speculative . . . , the court did not abuse its discretion in imposing the lesser sanction' of a permissive adverse inference instruction" (People v Grovner, 206 AD3d 1638, 1641 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]; see People v Rice, 75 NY2d 929, 932-933 [1990]). To the extent that defendant contends that he was prejudiced by the testimony of a prosecution witness about the duration that the house had been under surveillance and by a comment made by the prosecutor on summation about the lost surveillance evidence, we conclude that defendant's contention is not preserved for our review because defendant raised no objection thereto (see CPL 470.05 [2]; People v Wallace, 149 AD3d 878, 878-879 [2d Dept 2017], lv denied 30 NY3d 1023 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel. Defendant has not demonstrated the absence of a legitimate explanation for counsel's alleged error in failing to move to reopen the suppression hearing after the People disclosed that the police had not conducted on-site surveillance of the house but had instead conducted live video surveillance from a remote location and that the surveillance evidence had been lost (see People v Gray, 27 NY3d 78, 83-84 [2016]; People v Person, 153 AD3d 1561, 1564 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]). We conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see People v Flagg, 167 AD3d 165, 170 [4th Dept 2018]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we further conclude that there is a "valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial" (People v Williams, 84 NY2d 925, 926 [1994]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Where, as here, there is "no evidence that defendant actually possessed the [drugs and drug paraphernalia], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573-574 [1992]; Grovner, 206 AD3d at 1640).
In this case, the People presented evidence that drugs found in the backyard were being processed and packaged inside the house, and that a collection of defendant's personal paperwork was located on a dresser in the first-floor rear bedroom, in which room the police also found, among other things, narcotics packaging materials inside a dresser drawer and narcotics packaging materials in plastic bags. The People also presented evidence that defendant was observed entering and exiting the house in the morning prior to execution of the residential search warrant; that defendant's fingerprint was found on a shoebox containing a glassine envelope that was located in the backyard in close proximity to a plastic bag filled with glassine envelopes containing heroin; and that defendant, in the recorded jail telephone call, stated that the police had "raided us," referred to the house as "our crib," agreed with the characterization of the house as "the little secret crib," and mentioned by their nicknames the other individuals involved in the drug trafficking operation (see People v Parnell, 221 AD3d 1554, 1556 [4th Dept 2023]; People v Pointer, 206 AD3d 1232, 1233 [3d Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Barnes, 197 AD3d 977, 978 [4th Dept 2021], lv denied 37 NY3d 1058 [2021]). We conclude that, taken together, the evidence "permits 'the reasonable inference that defendant had both knowledge and possession' of the drugs and paraphernalia" (Grovner, 206 AD3d at 1640).
Contrary to defendant's assertion that the evidence is legally insufficient to establish his guilt as an accessory, we conclude that "the jury rationally could have concluded both that defendant had acted with the mental state necessary for the crime[s] of criminal possession of a controlled substance in the [third and fourth] degree[s] and that defendant 'intentionally aid[ed] [the other individuals] to engage in . . . conduct' . . . constituting th[ose] offense[s]" (People v Moreno, 58 AD3d 516, 517 [1st Dept 2009], lv denied 12 NY3d 819 [2009]; see People v Coleman, 26 AD3d 773, 774-775 [4th Dept 2006], lv denied 7 NY3d 754 [2006]).
Contrary to defendant's contention, upon viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Grovner, 206 AD3d at 1640; People v Patterson, 13 AD3d 1138, 1139 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see generally Bleakley, 69 NY2d at 495).
Finally, we note that the certificate of conviction and the uniform sentence and commitment form incorrectly state that defendant was sentenced as a second felony offender and they must be amended to reflect that he was actually sentenced as a second felony drug offender (see People v Cruz, 182 AD3d 999, 1000 [4th Dept 2020]; People v Johnson, 161 AD3d 1529, 1529 [4th Dept 2018]). The certificate of conviction also incorrectly states that defendant was convicted upon a plea of guilty and it must be amended to reflect that he was actually convicted upon a jury verdict (see People v Baldwin, 173 AD3d 1748, 1749-1750 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court