■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KELLY BLUE et al., Respondents.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Eng, J.), dated November 2, 1990, as granted those branches of the defendants' motions which were to dismiss count one of Indictment Number QN12848/90 charging the defendants with criminal possession of a controlled substance in the third degree on the ground that the evidence was legally insufficient, to the extent of reducing that count, pursuant to CPL 210.20 (1-a), to criminal possession of a controlled substance in the seventh degree.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' motions which were to dismiss count one of Indictment Number QN12848/90 are denied, count one of Indictment Number QN12848/90 is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Contrary to the Supreme Court's holding, the evidence that 50 vials containing cocaine were recovered from the automobile in which the defendants were occupants, was legally sufficient, within the meaning of CPL 70.10 (1) and 190.65 (1), to support count one of the indictment charging the defendants with criminal possession of a controlled substance in the third degree i.e., possession with the intent to sell (see, Penal Law § 220.16 [1]; § 220.25 [1]; People v Timmons, 127 AD2d 806, 807; see also, People v Hernandez, 71 NY2d 233, 245;

*People v Vailes,* 150 AD2d 406, 407; *People v Dawkins,* 136 AD2d 726, 726-727). Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.