■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL D. SCHUTT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for appellate review his argument that the trial court improperly admitted testimony of an expert psychologist concerning intrafamilial child abuse syndrome. Without objection, the expert witness explained the nature of intrafamilial child abuse syndrome and its effect upon a child. When asked whether she used that information in her work with the victim, defendant objected. The stated basis of the objection was that it "goes to the truthfulness of what [the victim] will testify to." When the witness was asked whether, in her work with the victim, she was able to form an opinion concerning the intrafamilial child abuse syndrome, defense counsel did not object. When the

witness testified that, in her opinion, the child was a victim of intrafamilial child abuse syndrome, defendant raised no objection and did not move to strike the answer. Defendant's counsel did object to the next question, posed to the expert witness: "What did you base that [opinion] on?" The basis of his objection was not, as he now argues on appeal, that opinion evidence of child abuse syndrome was not admissible to prove that the victim was abused; the basis of his objection was "hearsay". Defense counsel stated: "I am going to object, your Honor, if she is going to testify in any manner as to what [the victim] might have told her during any of those counseling or validation sessions as being hearsay." In overruling the objection, the court stated: "We haven't gotten to that yet." In deference to defense counsel's hearsay objection, the prosecution cautioned the witness not to recite "the specifics of things that [the victim] said" to the witness. Since the objection of defense counsel did not adequately alert the Trial Judge to defendant's present argument, that issue is not preserved for our review as a matter of law. We decline to review the issue in the interest of justice because defendant, in his own testimony, admitted that he sexually abused the child, although not in the manner alleged in the indictment, and also because of the strength of the People's case.

Further, we reject defendant's contention that his sentence is harsh and excessive. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.