■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL HERNDON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Chetta, J.), dated January 17, 1991, which reduced the charge in count one of Indictment Number QN13722-90 from criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree, pursuant to CPL 210.20 (1-a), on the ground that the evidence before the Grand Jury was legally insufficient.

Ordered that the order is reversed, on the law, the first count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Contrary to the Supreme Court's holding, the evidence that the defendant possessed 49 vials of cocaine was legally sufficient, within the meaning of CPL 70.10 (1) and 190.65 (1), to support the first count of the indictment charging the defendant with criminal possession of a controlled substance in the third degree, i.e., possession with the intent to sell *(see,* Penal Law § 220.16 [1]; *People v Blue,* 173 AD2d 836; *People v Cambridge,* 175 AD2d 254). Accordingly, we need not discuss the People's remaining contentions. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.