■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND SANTIAGO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Hall, J.), dated February 8, 1991, which granted the defendant's motion to dismiss Kings County Indictment Number 3550/90 on the

ground that the evidence before the Grand Jury was legally insufficient.

Ordered that the order is reversed, on the law, the motion is denied, Kings County Indictment Number 3550/90 is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

Contrary to the Supreme Court's holding, the evidence before the Grand Jury was legally sufficient to support the charges contained in the indictment. The undercover police officer testified that he asked the defendant if he had any "weed", which is a street term for marihuana. The defendant answered "No, I have good D". According to the undercover officer, "D" is a street term for heroin. Upon the arrest of the defendant, the police found 113 glassine envelopes containing white powder. Laboratory analysis revealed that the substance was heroin which weighed 1/8th ounce plus 17.2 grains. This evidence was legally sufficient to support the three counts in the indictment, which charged the defendant with the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree (see, CPL 190.65 [1]; Penal Law § 220.00 [1]; § 220.39 [1]; § 220.16 [1]; § 220.09 [1]; see also, People v McGrath, 115 AD2d 128, 129; People v Herndon, 176 AD2d 817).

We have reviewed the defendant's alternate arguments for affirmance, i.e., that the indictment should be dismissed on the ground that the Grand Jury proceeding was "defective" in certain respects (see, CPL 210.20 [1] [c]; 190.25 [6]), and find them to be without merit (see, People v Augustine, 172 AD2d 843; People v Calbud, Inc., 49 NY2d 389, 394-395; People v Rallo, 46 AD2d 518, affd 39 NY2d 217; People v Kennedy, 127 Misc 2d 712, 716). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.