■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCISCO FERNANDO, Respondent.—Order, Supreme Court, New York County (Frederic S. Berman, J.) entered June 10, 1991, which granted defendant's motion to suppress physical evidence and dismissed indictment numbered 11843/90 filed against the defendant-respondent, unanimously reversed on the law, the suppression motion is denied and the indictment is reinstated.

The defendant was arrested, on September 26, 1990 after an undercover officer radioed the arresting officer and identified the defendant as one of two unapprehended participants from a "buy and bust" operation the undercover officer participated in eight days prior to the arrest. At the suppression hearing, held in connection with the defendant's omnibus motion, the

arresting officer testified that he received a radio transmission from the undercover officer that "a past buy subject" was at West 159th Street and Amsterdam Avenue. According to the arresting officer the description transmitted by the undercover officer was of a "male Hispanic, approximately 5'6" in height, in his 20's, medium build to heavy, wearing a blue Yankee hat, blue acid-washed dungaree jacket, blue acid-washed jeans and white sneakers".

However, when the officer arrived at 159th Street and Amsterdam Avenue, he did not see anyone who matched the description he had received. The arresting officer then received a second transmission from the undercover officer in which the undercover stated the the "past buy subject" was walking north on Amsterdam Avenue. The arresting officer proceeded north on Amsterdam Avenue, and saw the defendant. According to the officer, the defendant matched the description "exactly" and there was no one else in the vicinity who fit the description. The officer exited his car, apprehended the defendant and conducted a safety frisk. As the officer was patting down the defendant's leg, a newspaper wrapped packet the size of a small ping pong ball fell from the defendant's sock. Believing that the packet contained drugs, the officer opened the package and saw what he believed was cocaine. The contents were later analyzed and found to be cocaine.

The arrest occurred approximately five minutes after the initial transmission was received by the arresting officer. However, when the undercover officer who made the transmission drove by to make a confirmatory identification, he stated that the defendant was in fact not the "past buy subject". Nevertheless, the defendant was charged by indictment with criminal possession of a controlled substance in the fourth degree.

The arrest of a person, who is mistakenly thought to be someone else, is valid if the arresting officer (a) has probable cause to arrest the person sought and (b) reasonably believed the person arrested was the person sought *(Hill v California,* 401 US 797, 802; *United States v Glover,* 725 F2d 120, 122, *cert denied* 466 US 905; *see also, People v Lee,* 126 AD2d 568, 569). Here, the description of the "past buy subject" was sufficiently detailed to provide the arresting officer with probable cause to arrest the defendant, who matched the description "exactly", and who the officer was reasonably entitled to believe was the unapprehended "past buy subject". This is further buttressed

by the fact that there was no one else in the vicinity who fit the description.

This case is distinguishable from *People v Patterson* (156 AD2d 723) and *People v Gordon* (87 AD2d 636), relied on by the Hearing Court herein to reach a contrary conclusion. In *People v Patterson,* the origin of the description of the perpetrator transmitted was an anonymous tip, here the description was provided by a trained undercover officer. In *People v Gordon,* the complainant's description was less detailed than that provided by the undercover officer in this case, who apparently was observing the defendant and directing the arresting officer to his exact location. Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal, JJ.