■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. SMITH, Appellant. [629 NYS2d 922] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contentions (1) that he was denied a fair trial by the erroneous admission of hearsay evidence *(see,* CPL 470.05 [2]); (2) that his conviction of criminal posses-

sion of a controlled substance in the fifth degree (Penal Law § 220.06) is not supported by legally sufficient evidence because the People failed to establish his knowledge of the weight of the cocaine as required by *People v Ryan* (82 NY2d 497) *(see, People v Gray,* 86 NY2d 10; *People v Gaines,* 216 AD2d 858); and (3) that the trial court erred in failing to give a circumstantial evidence charge employing the moral certainty standard *(see,* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant's conviction of criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence that defendant possessed the cocaine "with intent to sell it" (Penal Law § 220.16 [1]; *see, People v Orta,* 184 AD2d 1052, 1054). The jury reasonably could have inferred intent to sell from defendant's possession of 21 individually wrapped packages of cocaine *(see, People v Nelson,* 189 AD2d 828, *lv denied* 81 NY2d 890; *People v Blue,* 173 AD2d 836). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.