■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN A. JOHNSON, Appellant. [689 NYS2d 569] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that he was denied a fair trial by the erroneous admission of hearsay testimony and testimony regarding the physical effects of crack cocaine (*see,* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

County Court properly denied without a hearing defendant's motion to suppress evidence seized from a car in which defen-

dant was a passenger. Defendant failed to allege that evidence was seized from his property or person (*see,* CPL 710.60 [3] [a]; *People v Mendoza,* 82 NY2d 415, 421). Contrary to the contention of defendant, the proof of his intent to sell a narcotic drug is legally sufficient to support the conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]; *see generally, People v Bleakley,* 69 NY2d 490, 495). The jury reasonably could have inferred defendant's intent to sell from the presence of a razor and glassine baggies, some empty and some containing crack cocaine, recovered from the vehicle in proximity to the place where defendant was seated (*see, People v Smith,* 217 AD2d 910, 911). Also contrary to defendant's contention, the verdict with respect to criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]) is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

Upon our review of the record, we conclude that defendant was not denied effective assistance of counsel. Defense counsel gave opening and closing statements highlighting perceived weaknesses in the People's case, vigorously cross-examined the People's witnesses and presented a plausible defense to rebut the automobile presumption set forth in Penal Law § 220.25 (1), thereby providing meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147; *People v Walker,* 259 AD2d 1026). (Appeal from Judgment of Ontario County Court, Harvey, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.