■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE BELL, Appellant. [745 NYS2d 359] —Appeal from a judgment of Supreme Court, Erie County (Smith, J.), entered November 29, 1999, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [5]) and two counts of criminal possession of a controlled substance in the fifth degree (§ 220.06 [1]). Contrary to defendant's contention, Supreme Court did not err in refusing to suppress the drugs found by the police on two occasions. In both instances, defendant threw the drugs to the ground while the police were in pursuit of defendant. The first pursuit was lawful, and defendant abandoned the drugs during that pursuit (*see People v Matienzo*, 81 NY2d 778, 780). Even assuming, arguendo, that the second pursuit resulted from an illegal stop, we conclude that defendant's act of discarding the drugs during the second pursuit "was not in direct and immediate response to the illegal [stop]" (*People v Boodle*, 47 NY2d 398, 402, *cert denied* 444

US 969), and "the police conduct, although illegal, neither provoked the defendant into revealing the evidence seized nor was designed to lead to the discovery of any evidence" (*id.* at 405). Also contrary to defendant's contention, the evidence concerning the manner in which the drugs were packaged is legally sufficient to establish defendant's intent to sell (*see People v Smith*, 217 AD2d 910, 911). The drugs abandoned by defendant during the first pursuit consisted of 18 rocks of crack cocaine in small ziploc bags, and those discarded by defendant during the second pursuit consisted of 13 rocks of crack cocaine in small ziploc bags. We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). The contention of defendant at trial that the drugs could have been for his personal use merely raised an issue of credibility for the jury to resolve (*see id.*). Defendant further contends that the court erred in permitting the People to use his postarrest statement in cross-examining him at trial in view of their pretrial stipulation not to use that statement at trial (*see People v White*, 73 NY2d 468, 475-476, *cert denied* 493 US 859). Even assuming, arguendo, that the pretrial stipulation was intended to encompass cross-examination of defendant, we nevertheless conclude that the error in permitting the People to use that statement in cross-examining defendant at trial is harmless beyond a reasonable doubt (*see id.*). Defendant's contention concerning prosecutorial misconduct on summation is unpreserved for our review (*see* CPL 470.05 [2]; *People v Kaufman,* 288 AD2d 895, 896, *lv denied* 97 NY2d 684) and in any event is lacking in merit. The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.