■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX M. FERRER, Appellant. [793 NYS2d 564]—

Crew III, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 30, 2003, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree (two counts).

In May 2002, defendant, an inmate at the Broome County jail, was issued a double-blade razor and shaving cream. Shortly thereafter, a correction officer retrieved the razor and observed that one of the blades was missing. The officer demanded that defendant return the missing blade, which defendant did. Thereafter, in August 2002, defendant was the subject of a strip search, which revealed three shanks concealed in his underwear.

As a consequence, defendant was charged, in separate indictments, with the crimes of promoting prison contraband in the first degree. Following consolidation of the two indictments, defendant was convicted of both charges and was sentenced, as a second felony offender, to two terms of imprisonment of 2½ to 5 years to be served consecutively to each other and consecutively to a term of five years' imprisonment previously imposed on his conviction of burglary in the second degree. Defendant now appeals.

Initially, defendant contends that County Court erred in consolidating the two indictments. We disagree. It is now axiomatic that charges arising out of different criminal transactions are joinable when the offenses are defined by the same statutory provisions (*see* CPL 200.20 [2] [c]; [3]; *People v Reome*,

309 AD2d 1067, 1068 [2003], *lv denied* 2 NY3d 805 [2004]), subject only to a motion for a discretionary severance "in the interest of justice and for good cause shown" (CPL 200.20 [3]), which grounds are lacking here.

Next, defendant contends that the testimony of a correction officer concerning certain experiments he conducted with a razor similar to the razor that defendant possessed constituted impermissible expert testimony. Again we disagree. Initially, we note that defense counsel objected to receipt of the testimony on the basis of relevancy, not on the basis that the correction officer was not qualified to offer expert opinion evidence. Inasmuch as counsel's objection did not alert County Court to defendant's present argument, the issue is not preserved for review (*see People v Schutt*, 174 AD2d 1035, 1036 [1991], *lv denied* 78 NY2d 1081[1991]).

In any event, we note that the correction officer was never asked, nor did he render an opinion as to, how the razor was damaged. Moreover, County Court made clear in its charge to the jury that it was "free to accept or reject [the officer's] testimony regarding the experiment" with the razor and that the jury "must evaluate [the officer's] testimony the same way [it] would that of any other person." We have considered defendant's remaining contentions and find them equally without merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.