THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH GARY, Appellant. [796 NYS2d 820]—

Appeal from a judgment of the Oneida County Court (Robert F. Julian, A.J.), rendered October 27, 2003. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]), defendant contends that County Court erred in denying his motion to suppress physical evidence. We reject that contention. Giving great deference to the court's determination of credibility (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), we conclude that the court properly determined that the tenant of the apartment where defendant was found consented to the search of her apartment (*see People v Montgomery*, 224 AD2d 914, 914-915 [1996], *lv denied* 88 NY2d 882 [1996]; *People v Caldwell*, 221 AD2d 972, 972-973 [1995], *lv denied* 87 NY2d 920 [1996]; *see generally People v Gonzalez*, 39 NY2d 122, 127-130 [1976]). We further conclude that defendant was properly detained on the reasonable belief that he was the subject of the warrant being executed by police officers (*see Hill v California*, 401 US 797, 802-803 [1971]; *People v Fernando*, 184 AD2d 413, 414-415 [1992]), or that he was the subject of a different outstanding warrant (*see People v Brown*, 190 AD2d 1003, 1003-1004 [1993], *lv denied* 81 NY2d 968 [1993]; *see generally People v De Bour*, 40 NY2d 210, 223 [1976]). Once the police determined that defendant was the subject of an outstanding warrant, the officers had probable cause to arrest him (*see generally De Bour*, 40 NY2d at 223). We further conclude that the police were entitled to search the pockets of defendant's

jacket incident to defendant's arrest before giving it to defendant to wear (*see e.g. People v Capers*, 298 AD2d 184 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Torres [Felix]*, 133 AD2d 713, 714 [1987], *revd on other grounds* 72 NY2d 1007 [1988]; *see generally Chimel v California*, 395 US 752, 762-763 [1969], *reh denied* 396 US 869 [1969]).

Contrary to defendant's further contentions, the court properly admitted expert testimony to establish whether certain items were "inconsistent with personal use and consistent with drug dealing" (*People v Hartzog*, 15 AD3d 866, 867 [2005], *lv denied* 4 NY3d 831 [2005]; *see People v Hicks*, 2 NY3d 750, 751 [2004]; *see also People v Caldwell*, 221 AD2d 972, 973 [1995], *lv denied* 87 NY2d 920 [1996]), and the conviction of criminally using drug paraphernalia is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and is not violative of the legislative intent underlying the enactment of the statute (*see e.g. People v Chaney*, 298 AD2d 617, 617-618 [2002], *lv dismissed in part and denied in part* 100 NY2d 537 [2003]; *People v Johnson*, 261 AD2d 833, 834 [1999], *lv denied* 93 NY2d 1020 [1999]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.