■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN T. FREEMAN, Appellant. [813 NYS2d 597]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 16, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree for the possession of a narcotic drug with the intent to sell it (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). The police arrested defendant following a buy

and bust and found 18 glassine envelopes of cocaine on his person. Contrary to the contention of defendant, County Court did not abuse its discretion in refusing to permit him to present the opinion testimony of a drug counselor who is a reformed drug user concerning the manner in which drug addicts purchase drugs for their own use. The People had presented the testimony of an arresting officer who testified that the packaging of the drugs was inconsistent with defendant's personal use of the drugs, and defendant sought to present the testimony of the drug counselor to establish that defendant intended to purchase the drugs for his own use. We conclude that defendant failed to present a sufficient foundation for the testimony of that witness with respect to the knowledge, training and reliability of the witness concerning the issues of personal use and packaging for sale (*see generally People v McKinley*, 72 AD2d 470, 476 [1980]). Defendant failed to provide any information with respect to the extent of the proposed witness's drug counseling and, indeed, defense counsel conceded that the proposed witness had no training or education in the area of drug counseling. In addition, defendant failed to present a sufficient foundation establishing that the proposed witness was "qualified to speak from actual experience, from observation or from study" (*People v Lynch*, 85 AD2d 126, 128-129 [1982]).

Defendant failed to object in a timely manner to the People's alleged violations of the court's *Sandoval* ruling in cross-examining defendant, and we conclude that the court did not abuse its discretion in denying defendant's request for a mistrial based on those alleged violations (*see People v Ortiz*, 54 NY2d 288, 292 [1981]), particularly in view of the court's comprehensive curative instructions with respect to the proper consideration to be given to prior criminal convictions.

Contrary to defendant's further contentions, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see generally People v Cahill*, 2 NY3d 14, 57-58 [2003]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to infer defendant's intent to sell the drugs based on the quantity found in defendant's possession (*see People v Smith*, 217 AD2d 910, 911 [1995]; *see also People v Bell*, 296 AD2d 836, 837 [2002], *lv denied* 98 NY2d 766 [2002]). Finally, the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.