■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. HUEBERT, Appellant. [815 NYS2d 851]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered June 18, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends that County Court erred in permitting two detectives to provide expert testimony that defendant possessed LSD with the intent to sell it, on the ground that the admission of that testimony invaded the province of the jury. Defendant failed to object to the testimony of those detectives on that ground and thus failed to preserve his present contention for our review (*see* CPL 470.05 [2]; *People v Dawson*, 50 NY2d 311, 324 [1980]; *People v Ferrer*, 17 AD3d 777, 778 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Schutt*, 174 AD2d 1035 [1991], *lv denied* 78 NY2d 1081 [1991]). In any event, we conclude that defendant's contention lacks merit. The record establishes that defense counsel asked the same questions of both detectives on cross-examination as those asked by the prosecutor on direct examination concerning defendant's intent to sell the LSD and thus defendant will not be heard to complain that he was prejudiced by the detectives' answers to those questions (*see generally People v Morales*, 246 AD2d 396, 397 [1998], *lv denied* 91 NY2d 943 [1998]; *People v Ramirez*, 125 AD2d 343 [1986], *lv denied* 69 NY2d 885 [1987]). Furthermore, the record establishes that the testimony of one of the

detectives did not in fact invade the province of the jury (see generally People v Hicks, 2 NY3d 750, 751 [2004]) and, with respect to the testimony of the other detective, any error in the admission of his testimony is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). The People established that defendant possessed more than 200 individual "hits" of LSD, and that quantity is sufficient to establish an intent to sell the drugs rather than to retain them for personal use (see generally People v Alvino, 71 NY2d 233, 245 [1987]; People v Bell, 296 AD2d 836 [2002], lv denied 98 NY2d 766 [2002]; People v Smith, 217 AD2d 910, 911 [1995]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.