*1234 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 28, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Contrary to defendant’s contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence at trial establishes that, following his flight from the police, the police found defendant alone and hiding behind bushes, and they observed him making a throwing motion with his fists. Seconds later, the police found only a bag of narcotics that was warm and moist in the location where any object thrown by defendant would have landed. Viewing the evidence in the light most favorable to the prosecution, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to establish defendant’s possession of the drugs inasmuch as defendant “exercise [d] dominion or control” over them (Penal Law § 10.00 [8]; see People v Robinson, 26 AD3d 202 [2006], lv denied 7 NY3d 762 [2006]). Defendant failed to preserve for our review his contention that County Court erred in failing to issue a circumstantial evidence charge (see CPL 470.05 [2]) and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in admitting certain expert testimony in evidence (see People v Huebert, 30 AD3d 1018 [2006], lv denied 7 NY3d 813 [2006]). In any event, that contention lacks merit. “[T]he court properly admitted [the] expert testimony to establish whether certain items were ‘inconsistent with personal use and consistent with drug dealing’ ” (People v Gary, 19 AD3d 1118, 1120 [2005], lv denied 5 NY3d 828 [2005]), and that testimony did not impermissibly ad *1235 dress the ultimate issue before the jury (see People v Brown, 52 AD3d 1175, 1177 [2008]). Defendant also failed to preserve for our review his contention that the court should have issued a limiting instruction with respect to the expert testimony concerning the common practices of drug users and drug dealers (see CPL 470.05 [2]). We conclude in any event that, even if defendant had preserved that contention for our review, reversal would not be required inasmuch as the court’s charge with respect to the testimony of expert witnesses was sufficient to inform the jury that it was free to reject such testimony (see People v McNair, 26 AD3d 245 [2006], lv denied 6 NY3d 896 [2006]). Contrary to the remaining contention of defendant, the record establishes that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Present—Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.