THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PORTER, Appellant. [971 NYS2d 295]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at suppression hearing; Cassandra M. Mullen, J., at jury trial and sentencing), rendered January 5, 2011, as amended January 13, 2011, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police executed a search warrant, the validity of which is not at issue, at the barbershop where defendant worked. The warrant authorized a search of the shop as well as the person of a described "John Doe" subject. When the police entered, they immediately observed that defendant generally matched the detailed description contained in the warrant, notwithstanding minor discrepancies. Based on all the circumstances, the police reasonably believed that defendant was the target of the warrant (*see Hill v California*, 401 US 797, 802 [1971]; *People v Fernando*, 184 AD2d 413, 414-415 [1st Dept 1992]). Defendant asserts that the reasonableness of the search was undermined by the presence at the shop of a codefendant who allegedly was the actual target of the warrant and who allegedly matched the description as well as, or better than, defendant did. However, the hearing record fails to support these claims.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations regarding the circumstances of defendant's possession of drugs. Furthermore, the chemist used a reliable sampling method to establish the weight of the drugs (*see People v Hill*, 85 NY2d 256, 261 [1995]; *People v Argro*, 37 NY2d 929 [1975]), and we

have considered and rejected defendant's challenges to her testimony.

Defendant did not preserve his challenge to the court's supplemental instructions to the deliberating jury, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court provided a correct and meaningful response to the jury's inquiry (*see generally People v Almodovar*, 62 NY2d 126, 131-132 [1984]), and there is no reasonable possibility that the instructions could have led the jury to convict defendant on an improper theory. We have considered and rejected defendant's related claim of ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ.