■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS BEDELL, Appellant. [979 NYS2d 892]—

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered February 9, 2011. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). Defendant contends that defense counsel was ineffective for failing to move to suppress the currency found on defendant during a search incident to his arrest, as well as a paper bag hidden near a guardrail at the end of a dead-end street that contained 13 "dime bags" of crack cocaine. Defendant failed to demonstrate that the " 'motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation' " (*People v Bassett*, 55 AD3d 1434, 1437-1438 [2008], *lv denied* 11 NY3d 922 [2009]; *see generally People v Rivera*, 71 NY2d 705, 709 [1988]).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to establish that he possessed the cocaine with intent to sell it (*see People v Freeman*, 28 AD3d 1161, 1162 [2006], *lv denied* 7 NY3d

788 [2006]; *People v Smith*, 217 AD2d 910, 911 [1995]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Fahey, Peradotto, Carni and Valentino, JJ.