# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

47
KA 12-00737
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DEMETRIUS BEDELL, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered February 9, 2011. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). Defendant contends that defense counsel was ineffective for failing to move to suppress the currency found on defendant during a search incident to his arrest, as well as a paper bag hidden near a guardrail at the end of a dead-end street that contained 13 "dime bags" of crack cocaine. Defendant failed to demonstrate that the " 'motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation' " (*People v Bassett*, 55 AD3d 1434, 1437-1438, *lv denied* 11 NY3d 922; *see generally People v Rivera*, 71 NY2d 705, 709).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we reject defendant's contention that the evidence is legally insufficient to establish that he possessed the cocaine with intent to sell it (*see People v Freeman*, 28 AD3d 1161, 1162, *lv denied* 7 NY3d 788; *People v Smith*, 217 AD2d 910, 911; *see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at

495).

Frances E. Cafarell
Clerk of the Court