■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR ANWAR, Appellant. [57 NYS3d 271]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 6, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree (two counts), sexual abuse in the first degree, unlawful imprisonment in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), two counts of criminal sexual act in the first degree (§ 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]), unlawful imprisonment in the second degree (§ 135.05) and assault in the third degree (§ 120.00 [1]). We reject defendant's contention that the verdict is against the weight of the evidence on the issues of forcible compulsion and the victim's consent. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the jury did not fail to give the evidence the weight it should be accorded on those issues (*see People v Strauss*, 147 AD3d 1426, 1426 [2017]; *People v Black*, 137 AD3d 1679, 1680 [2016], *lv denied* 27 NY3d 1128 [2016], *denied reconsideration* 28 NY3d 1026 [2016]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's further contention that he was deprived of a fair trial by County Court's evidentiary ruling permitting the People to cross-examine him concerning statements he made in a recent interview in jail by FBI agents. Contrary to defendant's contention, there was no violation of

his rights under the New York right to counsel rule, which permits the use of uncounseled statements of a defendant for purposes of impeachment even where the use of such statements would be precluded on the People's case-in-chief (*see generally People v Maerling*, 64 NY2d 134, 140 [1984]; *People v Ricco*, 56 NY2d 320, 323-326 [1982]; *People v Dansa*, 172 AD2d 1011, 1012 [1991], *lv denied* 78 NY2d 964 [1991]). Here, the court properly concluded that defendant opened the door to such impeachment (*see People v Abrams*, 73 AD3d 1225, 1227-1228 [2010], *affd* 17 NY3d 760 [2011]; *People v Ortiz*, 292 AD2d 307, 307 [2002], *lv denied* 98 NY2d 700 [2002]; *see generally People v Goodson*, 57 NY2d 828, 830 [1982]; *People v Cordero*, 110 AD3d 1468, 1470 [2013], *lv denied* 22 NY3d 1137 [2014]).

We do not address defendant's contention that he was deprived of a fair trial by the court's denial of his request to call his friend "Modi" as a witness. Although the court and counsel discussed the prospect of the defense's calling that witness, as well as the inadmissible hearsay nature of the proffered testimony, the court did not definitively rule on the matter (*see People v Billip*, 65 AD3d 430, 430-431 [2009], *lv denied* 13 NY3d 834 [2009]; *cf. People v Finch*, 23 NY3d 408, 413 [2014]).

Finally, we reject defendant's contention that he was denied effective assistance of counsel. Defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Bank*, 129 AD3d 1445, 1447 [2015], *affd* 28 NY3d 131 [2016]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided defendant with meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Jones*, 147 AD3d 1521, 1521-1522 [2017]). Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.