People v Tolbert (2020 NY Slip Op 01997)





People v Tolbert


2020 NY Slip Op 01997


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


283 KA 18-00411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PERRY TOLBERT, DEFENDANT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 7, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his conviction of that crime is not supported by legally sufficient evidence because the People failed to establish his intent to sell the drugs that were found in his apartment. We reject that contention. The jury was entitled to infer defendant's intent to sell the drugs based on the quantity of cocaine found in the apartment, i.e., an aggregate weight of 2.291 grams; the division of the drugs into a bulk amount hidden in the battery compartment of a toy and a smaller amount kept by the apartment door; and the presence of packaging materials and a digital scale (see People v Freeman, 28 AD3d 1161, 1162 [4th Dept 2006], lv denied 7 NY3d 788 [2006]; see also People v Hicks, 172 AD3d 1938, 1939 [4th Dept 2019]).
Furthermore, viewing the evidence in light of the elements of that count as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting him of that count is not against the weight of the evidence with respect to the element of intent (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The contention of defendant at trial that the drugs could have been for his personal use merely raised an issue of credibility for the jury to resolve" (People v Bell, 296 AD2d 836, 837 [4th Dept 2002], lv denied 98 NY2d 766 [2002]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court