People v Williams (2020 NY Slip Op 03274)





People v Williams


2020 NY Slip Op 03274


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11630 2993/14

[*1] The People of the State of New York, Respondent,
v
Tramayer Williams, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jose David Rodriguez Gonzalez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered May 7, 2015, convicting defendant, after a jury trial, of aggravated harassment of an employee by an inmate, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
The court providently exercised its discretion in precluding defendant from cross-examining a Department of Correction captain about a pending disciplinary investigation. The allegations underlying the pending investigation involved a violation of Department policy that had no bearing on the officer's credibility, whether in general or in this case (see People v Smith, 27 NY3d 652 [2016]). Defendant's contention that the pending investigation provided the officer with a motive to fabricate in order to avoid further disciplinary exposure is speculative and unsupported (see People Howard, 158 AD3d 455, 455 [1st Dept 2018], lv denied 31 NY3d 1083 [2018]).
The court also providently exercised its discretion in precluding defendant from introducing a Correction document that had no probative value under the circumstances of the case (see People v Petty, 7 NY3d 277, 286 [2006]). To the extent the document at issue, a card, contained anything relevant, the same relevant fact was stipulated to by the parties. Defendant asserts that the card also contained a significant handwritten notation that was allegedly added after this incident as part of a coverup regarding the officers' use of force against defendant. However, by viewing the card, the jury would have had no way of determining whether the notation was placed on the card before or after the incident. Furthermore, defendant received a full opportunity to explore the issue of the notation on the card by way of cross-examination and summation.
Neither of the rulings at issue violated defendant's constitutional rights to cross-examine witnesses and present a defense. In any event, any constitutional or nonconstitutional error was harmless in view of the overwhelming evidence of guilt,
which included the testimony of multiple officers and corroborating photographic evidence (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK