People v Daily (2021 NY Slip Op 03327)





People v Daily


2021 NY Slip Op 03327


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-07839
 (Ind. No. 18-00211)

[*1]The People of the State of New York, respondent,
v
Rajad Daily, appellant.


Harvey A. Herbert, Brooklyn, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered November 21, 2018, convicting him of burglary in the second degree (eight counts) and possession of burglar's tools, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested after police officers stopped a vehicle in which he was a passenger. The vehicle matched the description of a vehicle involved in a burglary of the laundry room of an apartment building less than two weeks before the vehicle was stopped.
Contrary to the defendant's contention, the police officers' action in blocking the vehicle to prevent it from leaving constituted a stop, not an arrest (see People v Pettiford, 173 AD3d 1716, 1716; People v Loper, 115 AD3d 875, 879; People v Hurdle, 106 AD3d 1100, 1104). The police officers had reasonable suspicion to stop the vehicle based upon the fact that the color, type, and specific features of the vehicle matched those of a vehicle which had been involved in a previous burglary in the same area less than two weeks before the stop (see People v Torres, 167 AD3d 665, 666; People v Schlau, 117 AD3d 461, 461; People v Ballard, 16 AD3d 697, 697).
Further, the police officers' subsequent arrest of the defendant was supported by probable cause. While following the vehicle in which the defendant was a passenger, the police officers observed it stop outside a building with the engine running. Approximately 10 minutes later, two men re-entered the vehicle and it drove away. The police officers followed the vehicle, and saw it come to a stop in front of the driveway of a house. The police officers then exited their vehicle, and ordered the driver of the vehicle in which the defendant was a passenger to stop the vehicle. During the stop, the police officers received a radio transmission that the laundry room of the building where the vehicle stopped had just been burglarized. Morever, after stopping the vehicle, the police officers observed a large number of small bills on the floor of the front passenger seat, and a grinding tool and crowbar in the back seat. This evidence supported a reasonable belief that the defendant had committed the crime of burglary (see People v Moziy, 167 AD3d 655, 656; People [*2]v Williams, 127 AD3d 1114, 116-117; People v Fields, 127 AD3d 782, 783; People v Eades, 269 AD2d 857, 857-858).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court