People v Johnson (2022 NY Slip Op 03835)

People v Johnson

2022 NY Slip Op 03835

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

412 KA 18-01957

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYQUAN JOHNSON, DEFENDANT-APPELLANT. 

PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered April 4, 2017. The judgment convicted defendant after a nonjury trial of criminal possession of a controlled substance in the third degree (two counts) and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We affirm.
We reject defendant's contention that Supreme Court erred in refusing to suppress physical evidence and defendant's statements as the fruit of an unlawful search and seizure. Here, the evidence at the suppression hearing established that the action taken by the police officer was justified in its inception and at every subsequent stage of the encounter leading to defendant's arrest (see People v Simmons, 30 NY3d 957, 958 [2017]; People v White, 117 AD3d 425, 425 [1st Dept 2014], lv denied 23 NY3d 1044 [2014]; People v Carter, 109 AD3d 1188, 1189 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; see generally People v De Bour, 40 NY2d 210, 222-223 [1976]).
Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant possessed heroin and cocaine with the intent to sell (see People v Freeman, 28 AD3d 1161, 1162 [4th Dept 2006], lv denied 7 NY3d 788 [2006]; People v Bell, 296 AD2d 836, 837 [4th Dept 2002], lv denied 98 NY2d 766 [2002]). In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Freeman, 28 AD3d at 1162; Bell, 296 AD2d at 837; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, even assuming, arguendo, that defendant's contention that the court punished him for exercising his right to trial is preserved for our review (see CPL 470.05 [2]; see generally People v Reome, 64 AD3d 1201, 1203 [4th Dept 2009], affd 15 NY3d 188 [2010]), we conclude that defendant's contention lacks merit (see People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Walker, 234 AD2d 962, 963-964 [4th Dept 1996], lv denied 89 NY2d 1042 [1997]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court