People v Echols (2023 NY Slip Op 06379)

People v Echols

2023 NY Slip Op 06379

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2018-14949
 (Ind. No. 211/18)

[*1]The People of the State of New York, respondent,
v
Darnell Echols, appellant.

Pat Bonanno, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered November 21, 2018, convicting him of burglary in the second degree (eight counts) and possession of burglar's tools, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was arrested after police officers stopped a vehicle in which the defendant was a passenger. The vehicle matched the description of a vehicle used in a burglary of an apartment building less than two weeks prior and suspected to be involved in another burglary just prior to the stop.
Contrary to the defendant's contention, the police officers had reasonable suspicion to stop the vehicle based on it matching several characteristics of the vehicle observed in the surveillance footage from the burglary less than two weeks prior. According to the testimony of one of the officers, this included the "color, the license plate, the dark rims, the shape of the vehicle." The police officers also observed that the occupants of the vehicle were similar in number to the burglars in the burglary captured on surveillance footage less than two weeks prior, at a similar time of day, and acting in a similar fashion (see People v Daily, 194 AD3d 1068, 1069; People v Torres, 167 AD3d 665, 666).
Further, the police officers' subsequent arrest of the defendant was supported by probable cause. In the course of following and the eventual stop of the vehicle in which the defendant was a passenger, other police officers investigated the property in the vehicle and confirmed that it had just been burgled. Also, after stopping the vehicle, the police officers observed a quantity of cash on the floor of the front passenger seat and a grinding tool and crowbar in the back seat. This information, in sum, supported a reasonable belief that the defendant had committed the crime of burglary (see People v Daily, 194 AD3d at 1069).
DILLON, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court