People v Perkins (2024 NY Slip Op 03952)

People v Perkins

2024 NY Slip Op 03952

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

422 KA 22-01822

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. PERKINS, DEFENDANT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, BUFFALO (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered October 18, 2022. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and one count of criminal possession of a controlled substance in the seventh degree (§ 220.03).
Defendant contends that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment on speedy trial grounds. In particular, defendant contends that the People's certificate of compliance and statement of readiness were illusory because the People failed to provide certain law enforcement disciplinary records. We reject that contention inasmuch as "[t]he law enforcement disciplinary records at issue pertained to [an] individual[ ] who the People indicated would not be testifying at trial" (People v Cooperman, 225 AD3d 1216, 1219 [4th Dept 2024]). As a result, the records at issue were not subject to automatic discovery pursuant to CPL 245.20 (1) (k) (iv), which requires disclosure only of materials that tend to "impeach the credibility of a testifying prosecution witness." To the extent that defendant contends that disclosure was required under another subparagraph of CPL 245.20 (1) (k), he did not preserve that contention for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the police lacked probable cause to arrest him and that the court thus erred in refusing to suppress evidence found on his person. " 'Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction . . . , but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed' " (People v Rose, 2 AD3d 1324, 1325 [4th Dept 2003], lv denied 2 NY3d 745 [2004], quoting People v McRay, 51 NY2d 594, 602 [1980]). "Probable cause may be based upon the totality of knowledge possessed by a police officer from information received and events personally observed" (People v Quarles, 187 AD2d 200, 203 [4th Dept 1993], lv denied 81 NY2d 1018 [1993]). Here, probable cause to arrest defendant was supported by, inter alia, the observation of fresh footprints in the snow located around the perimeter of a store in the early hours of the morning and the recovery of a backpack in the vicinity containing, among other things, a crowbar, hypodermic needles, and a knife (see People v Echols, 222 AD3d 776, 777 [2d Dept 2023]; see generally Quarles, 187 AD2d at 203).
Viewing the evidence in light of the elements of the crime of criminal possession of a [*2]controlled substance in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting him of those counts is not against the weight of the evidence with respect to the element of defendant's intent to sell (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's claim at trial that the drugs could have been for his personal use "merely raised an issue of credibility for the jury to resolve" (People v Tolbert, 181 AD3d 1321, 1322 [4th Dept 2020], lv denied 35 NY3d 1116 [2020] [internal quotation marks omitted]; see People v Bell, 296 AD2d 836, 837 [4th Dept 2002], lv denied 98 NY2d 766 [2002]).
Defendant further contends that he was deprived of a fair trial by certain of the court's rulings. Defendant failed to preserve for our review his contention that the court erred in precluding a 911 call because the court never definitely ruled on its admission (see People v Anwar, 151 AD3d 1628, 1629 [4th Dept 2017], lv denied 30 NY3d 947 [2017]; People v Billip, 65 AD3d 430, 431 [1st Dept 2009], lv denied 13 NY3d 834 [2009]). We reject defendant's contention that the court erred in precluding defense counsel from cross-examining a testifying officer about an incident involving his K-9. As the People explained, the officer was never disciplined for that incident, and we conclude that the underlying facts pertaining to the incident "had no bearing on the officer's credibility, whether in general or in this case" (People v Williams, 184 AD3d 442, 442 [1st Dept 2020], lv denied 36 NY3d 932 [2020]).
We reject defendant's contention that the prosecutor's comments during summation deprived him of a fair trial. The prosecutor's comments did not cause "such substantial prejudice to the defendant that he has been denied due process of law" (People v Jacobson, 60 AD3d 1326, 1328 [4th Dept 2009], lv denied 12 NY3d 916 [2009] [internal quotation marks omitted]; see People v Morrice, 78 AD3d 1534, 1535 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). Moreover, the court "alleviated any prejudice arising from the prosecutor's comments and summation by instructing the jury that the comments and summations of the prosecutor and defense counsel do not constitute evidence" (People v Williams, 28 AD3d 1059, 1061 [4th Dept 2006], affd 8 NY3d 854 [2007]).
Defendant also contends that the court penalized him for exercising his right to a trial. Defendant failed to preserve that contention for appellate review because "he did not raise the issue at the time of sentencing" (People v Tannis, 36 AD3d 635, 635 [2d Dept 2007], lv denied 8 NY3d 927 [2007]; see People v Dorn, 71 AD3d 1523, 1523-1524 [4th Dept 2010]; People v Griffin, 48 AD3d 1233, 1236-1237 [4th Dept 2008], lv denied 10 NY3d 840 [2008]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice.
Finally, defendant's sentence is not unduly harsh or severe. We note, however, that the amended certificate of disposition incorrectly states that defendant was sentenced to two years of postrelease supervision on the counts of criminal possession of a controlled substance in the third degree, and it must therefore be amended to reflect that he was sentenced to three years of postrelease supervision on those counts (see People v Nevins, 196 AD3d 1110, 1112 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court