■ The People of the State of New York, Appellant, v Christopher B. Johnson, Respondent. [847 NYS2d 807]—

Appeal from an order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), dated June 29, 2006. The order granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5); 210.20 (1) (c); and 210.35 (4). According to the People, they provided defendant with the requisite written no-

tice that the matter was to be presented to a grand jury and, because defendant did not notify them of his intent to testify (*see* CPL 190.50 [5]), Supreme Court erred in granting defendant's motion. We agree. Defendant was arraigned in Rochester City Court on February 24, 2006 and was given the requisite written notice that the matter would be presented to a Monroe County grand jury on February 28, 2006. Defendant and his attorney appeared in City Court on March 1, 2006, at which time the prosecutor filed a certification indicating that the grand jury had voted to indict defendant on charges arising from the incident, but the indictment was not filed until March 24, 2006. We thus agree with the People that defendant had sufficient time in which to consult with his attorney prior to the filing of the indictment and, because neither defendant nor his attorney notified the prosecutor that defendant wished to appear before the grand jury, defendant was not deprived of the right to testify (*see People v Lyons,* 40 AD3d 1121 [2007], *lv denied* 9 NY3d 878 [2007]; *cf. People v Evans,* 79 NY2d 407, 413-415 [1992]). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.