■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVON GAMBLE, Appellant. [27 NYS3d 226]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered April 25, 2013,

convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), grand larceny in the second degree, criminal mischief in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (St. George, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was arrested with three other individuals in connection with an armed robbery of a London Jewelers store on October 14, 2011. According to the evidence at trial, the defendant and his cohorts exited the store with 35 Rolex watches, retailing at $800,000, and two Breitling watches, and then entered a black Cadillac Escalade. The defendant and his cohorts led the police on a high-speed chase before abandoning their vehicle on the Long Island Expressway and fleeing on foot onto a private golf course, where they were apprehended shortly thereafter. One of the stolen watches was recovered on the defendant's person.

The defendant moved, inter alia, to suppress the physical evidence seized from him, as well as certain post-arrest statements he made to law enforcement officials. After a hearing, the Supreme Court denied those branches of the defendant's omnibus motion. After a jury trial, the defendant was convicted of robbery in the first degree (three counts), robbery in the second degree (three counts), grand larceny in the second degree, criminal mischief in the second degree, and possession of burglar's tools.

The defendant's application for relief under *Batson v Kentucky* (476 US 79 [1986]), following the prosecutor's peremptory challenge to an African-American venireperson, was properly denied. In order to give the trial court a proper foundation to evaluate a claim under *Batson*, as well as to ensure an adequate record for appellate review, a party asserting the claim "should articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress*, 81 NY2d 263, 268 [1993]). Here, defense counsel's perfunctory statements in support of his application for *Batson* relief were insufficient to establish a prima facie case (*id.* at 266; *People v Cousin*, 272 AD2d 477 [2000]).

The defendant contends that the People failed to prove beyond a reasonable doubt his guilt of robbery in the first degree on a theory of accessorial liability. Viewing the evidence

in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt as to that crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant contends that the hearing court did not have an adequate basis to direct that he and his codefendants remain shackled during the entire suppression hearing, and that this direction interfered with his ability to communicate with counsel. Assuming, without deciding, that the right to be free of restraints absent a finding of necessity (*see People v Best*, 19 NY3d 739 [2012]) applies, in some fashion, to a pretrial hearing (*compare People v Goldston*, 126 AD3d 1175 [2015], *and People v Morgan*, 178 Misc 2d 621 [County Court, Fulton County 1998], *with People v Ashline*, 124 AD3d 1258 [2015], *and People v Campbell*, 106 AD3d 1507 [2013]; *cf. Deck v Missouri*, 544 US 622 [2005]), we discern no reversible error on the part of the hearing court. After explaining to counsel that the court had received information that these particular defendants posed a risk of escape, the court agreed to allow counsel to confer with their respective clients between the direct and cross-examination of each witness, in order to enable the defendant and his codefendants to meaningfully participate in the proceeding. The defendant's contention that this procedure was either unworkable or insufficient to preserve the integrity of his right to counsel is unsupported by the record and, therefore, without merit.

Also without merit is the defendant's contention that his absence during a brief colloquy regarding the use of restraints during the suppression hearing violated his constitutional right to be present at all material stages of the criminal proceedings (*see People v Dokes*, 79 NY2d 656 [1992]). "A material stage has been defined as one in which the defendant's presence has a relation, reasonably substantial to the fullness of his opportunity to defend against the charge" (*People v Williams*, 186 AD2d 161, 163 [1992] [internal quotation marks omitted]). Since the colloquy at issue did not bear any reasonably substantial relation to the defendant's opportunity to defend against the charges, his presence was not constitutionally required (*see People v Harris*, 76 NY2d 810, 812 [1990]; *see also People v Roman*, 88 NY2d 18, 26 [1996]; *People v Morales*, 80 NY2d 450, 455, 457 [1992]).

The defendant's contention that the suppression hearing

should have been reopened in light of testimony by Detective John Fitzgerald suggesting that the Cadillac Escalade may have been searched prior to the police obtaining a warrant is unpreserved for appellate review, as the defendant never moved to reopen the suppression hearing following Fitzgerald's trial testimony (*see People v Ellis*, 222 AD2d 519 [1995]; *People v DiPalo*, 221 AD2d 463 [1995]). Nor can the defendant's pro se post-verdict motion pursuant to CPL 330.30 serve to permit the consideration of trial testimony in evaluating a suppression ruling on appeal (*see People v Medina-Gonzalez*, 116 AD3d 519 [2014]; *People v Diaz*, 194 AD2d 688 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.