People v Gelling (2018 NY Slip Op 05423)





People v Gelling


2018 NY Slip Op 05423


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


801 KA 12-01622

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH GELLING, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH GELLING, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 19, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal possession of a weapon in the second degree, criminal mischief in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Addressing first defendant's contentions in his main brief, we conclude that defendant was not denied effective assistance of counsel. Defendant contends that defense counsel was ineffective in failing to call an expert to testify regarding the potency of the alcoholic beverage that defendant admitted to drinking on the night of the incident in support of an intoxication defense. That contention lacks merit. " Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (People v Jurgensen, 288 AD2d 937, 938 [4th Dept 2001], lv denied 97 NY2d 684 [2001]). Contrary to defendant's contention, expert testimony was not required to establish an intoxication defense, and "defendant now offers little more than speculative assertions that an expert's testimony would have supported it" (People v Muller, 57 AD3d 1113, 1114 [3d Dept 2008], lv denied 12 NY3d 761 [2009]; see People v King, 124 AD3d 1064, 1067 [3d Dept 2015], lv denied 25 NY3d 1073 [2015]).
Defendant further contends that defense counsel was ineffective in failing to establish the meaning of a notation regarding his blood alcohol content that was apparently placed on a jail form when he was booked into the jail inasmuch as that information would have supported his intoxication defense. We reject that contention. It is well settled that, in order to establish that counsel was ineffective, defendant must " demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (People v Bank, 129 AD3d 1445, 1447 [4th Dept 2015], affd 28 NY3d 131 [2016], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Anwar, 151 AD3d 1628, 1629 [4th Dept 2017], lv denied 30 NY3d 947 [2017]). There is no evidence demonstrating that the notation indicated that defendant was intoxicated, and indeed it could be interpreted to indicate that he was sober enough to legally operate a motor vehicle. Consequently, we will not "second-guess whether [the] course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (People v Satterfield, 66 NY2d 796, 799-800 [1985]). Here, "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the [*2]representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; see Satterfield, 66 NY2d at 798-799).
Defendant's contention, that he was deprived of effective assistance of counsel regarding his decision to reject a pretrial plea offer, "involves strategic discussions between defendant and his attorney outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10" (People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; see People v Surowka, 103 AD3d 985, 986-987 [3d Dept 2013]).
Defendant's further contention that Supreme Court committed a mode of proceedings error when it permitted the weapon that had been received in evidence to be provided to the jurors in response to a jury note without notifying counsel of that request lacks merit. In its charge, the court instructed the jury that they could request that certain exhibits, including the rifle and ammunition, be provided to them, and defense counsel did not object to that charge or request any supplemental instruction regarding the rifle or ammunition (see CPL 310.20 [1]). Therefore, when the jury sent a note requesting the rifle, it was not error for the court to provide that exhibit to them without further input from the parties (see People v Damiano, 87 NY2d 477, 487 [1996], superceded by statute on other grounds as stated in People v Miller, 18 NY3d 704, 706 [2012]; People v Black, 38 AD3d 1283, 1285-1286 [4th Dept 2007], lv denied 8 NY3d 982 [2007]). To the contrary, the jury's request "was nothing more than an inquiry of a ministerial nature . . . , unrelated to the substance of the verdict . . . As a result, the judge was not required to notify defense counsel nor provide them with an opportunity to respond, as neither defense counsel nor defendant could have provided a meaningful contribution" (People v Ochoa, 14 NY3d 180, 188 [2010]).
We reject defendant's contention that the court erred in denying his motion to dismiss the indictment pursuant to CPL 210.35 (4) on the ground that the People failed to provide him with reasonable notice of the grand jury proceedings pursuant to CPL 190.50 (5) (a). "CPL 190.50 (5) (a) does not mandate a specific time period for notice; rather, reasonable time' must be accorded to allow a defendant an opportunity to consult with [defense] counsel and decide whether to testify before a [g]rand [j]ury" (People v Sawyer, 96 NY2d 815, 816 [2001]). Here, the record establishes that the People gave defendant and his attorney 1½ days' notice that the matter was to be presented to the grand jury, which constituted reasonable notice (see People v Sawyer, 274 AD2d 603, 605-606 [2000], affd 96 NY2d 815 [2001]; People v Lanier, 130 AD3d 1310, 1312 [3d Dept 2015], lv denied 26 NY3d 1009 [2015]). Thus, we conclude that defendant had "sufficient time to consult with defense counsel prior to the filing of the indictment and, because neither defendant nor defense counsel notified the People that defendant intended to testify before the grand jury, defendant was not deprived of the right to testify" (People v Quick, 48 AD3d 1223, 1223 [4th Dept 2008]; see People v Johnson, 46 AD3d 1384, 1385 [4th Dept 2007]).
We also reject defendant's contention that he was denied the right to be present at a sidebar conference during the jury selection process. It is well settled that "reversal is not required [where, as here], because of the matter then at issue before the court or the practical result of the determination of that matter, the defendant's presence could not have afforded him or her any meaningful opportunity to affect the outcome" (People v Roman, 88 NY2d 18, 26 [1996], rearg denied 88 NY2d 920 [1996]; see generally People v Gamble, 137 AD3d 1053, 1055 [2d Dept 2016]).
We reject defendant's contention that the verdict is contrary to the weight of the evidence inasmuch as his intoxication prevented him from forming the requisite intent to commit certain crimes of which he was convicted, and from knowingly possessing the weapon. Upon reviewing the evidence "in light of the elements of the crime[s] as charged [to the jury] without objection by defendant" (People v Noble, 86 NY2d 814, 815 [1995]; see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence.
Penal Law § 15.25 states that "[i]ntoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged." Although there was evidence in this case that defendant consumed alcohol, and thus the jury could have concluded that he was intoxicated, "it is well settled that [a]n intoxicated person can [*3]form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element[s] of intent' " and knowledge (People v Williams, 158 AD3d 1170, 1171 [4th Dept 2018], lv denied 31 NY3d 1018 [2018]; see People v Principio, 107 AD3d 1572, 1573 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]). Furthermore, it is also well settled that
" [a] defendant may be presumed to intend the natural and probable consequences of his [or her] actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused' " (People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017]; see Williams, 158 AD3d at 1170).
In addition, with respect to the burglary charge, "a defendant's intent to commit a crime may be inferred from the circumstances of the entry . . . , as well as from defendant's actions and assertions when confronted" (People v Maier, 140 AD3d 1603, 1603-1604 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]; see People v Gaines, 74 NY2d 358, 362 n 1 [1989]; People v Ramirez, 278 AD2d 897, 897 [4th Dept 2000], lv denied 96 NY2d 833 [2001]). Here, the evidence established that defendant armed himself with a loaded weapon, made several attempts to enter the dwelling at issue by cutting screens and attempting to force open a door, eventually entered through a second-story window, took property and threw it out of the window to a spot where it could be retrieved and loaded into a waiting vehicle, and immediately fled when confronted by the homeowner. Based on that evidence and all the other evidence in the record, we reject defendant's contention that the evidence of his intoxication negated the elements of intent and knowledge for the crimes of which he was convicted (see People v Madore, 145 AD3d 1440, 1440 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]; People v Jackson, 269 AD2d 867, 867 [4th Dept 2000], lv denied 95 NY2d 798 [2000]).
Contrary to defendant's further contention, the integrity of the grand jury proceedings was not impaired by the prosecutor's failure to instruct the grand jurors on intoxication. The People were not required to give an intoxication charge to the grand jury because there was insufficient evidence of intoxication presented in that forum, and the People were also not required to present evidence of any mitigating defense (see People v Lancaster, 69 NY2d 20, 30 [1986], cert denied 480 US 922 [1987]; People v Walton, 70 AD3d 871, 874 [2d Dept 2010], lv denied 14 NY3d 894 [2010]) and, "[l]ike a mitigating defense, intoxication merely reduces the gravity of the offense by negating an element" (People v Harris, 98 NY2d 452, 475 [2002]). "The People generally enjoy wide discretion in presenting their case to the [g]rand [j]ury . . . and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused" (Lancaster, 69 NY2d at 25-26). Although the prosecutor has a duty to instruct the grand jury regarding any complete defense, "the prosecutor's obligation to instruct the [g]rand [j]ury on a particular defense depends upon whether that defense has the potential for eliminating a needless or unfounded prosecution' " (id. at 27, quoting People v Valles, 62 NY2d 36, 38 [1984]). Here, we conclude that "[t]he People here were not required to instruct the grand jury on intoxication" (Harris, 98 NY2d at 475).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions in his main brief and the contentions in his pro se supplemental brief, and we conclude that none warrants reversal or modification of the judgment. 
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court