People v Carzoglio (2021 NY Slip Op 05582)





People v Carzoglio


2021 NY Slip Op 05582


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-06624
 (Ind. No. 16-00536)

[*1]The People of the State of New York, respondent,
v
Angelo Carzoglio, appellant.


Andrew W. Sayegh, Yonkers, NY, for appellant, and appellant pro se.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered January 24, 2018, convicting him of burglary in the second degree (11 counts), criminal possession of stolen property in the third degree, conspiracy in the fourth degree, possession of burglar's tools, and unlawful possession of radio devices, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and evidence obtained pursuant to certain eavesdropping and search warrants.
ORDERED that the judgment is affirmed.
The defendant was alleged to have participated in a series of residential burglaries throughout Westchester County over the course of several months in 2014. After a nonjury trial, he was convicted of 11 counts of burglary in the second degree and related offenses.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was granted permission to proceed pro se, with standby counsel. The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review it on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1009).
The defendant's contention that he was denied a fair trial because of difficulties in accessing a computer at the Westchester County Jail is unpreserved for appellate review and is also [*2]based, in part, on matter outside the record. Therefore, we decline to review it on this direct appeal (see People v Wesley, 55 AD3d 758, 758-759).
The defendant's contention, raised in his pro se supplemental brief, that a certain "nontelephonic" recorded conversation between him and an alleged co-conspirator should have been suppressed for having exceeded the scope of the eavesdropping warrant, is unpreserved for appellate review since the defendant failed to raise it before the hearing court (see CPL 470.05) or move to reopen the suppression hearing following relevant trial testimony (see People v Gamble, 137 AD3d 1053; People v Yi Qiu, 129 AD3d 1111), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court